NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA K. VAZQUEZ, | : |
| Plaintiff, | : Civil Action No. 13-793 (SRC) |
| v. | : OPINION |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | : |
| Defendant. | : |

**CHESLER**, District Judge

      This matter comes before the Court upon the motion filed by Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA") to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion was initially returnable on March 18, 2013. Because Plaintiff had failed to oppose the motion by the March 4, 2013 deadline, the Court sua sponte adjourned the motion. Plaintiff Rita Vazquez ("Plaintiff" or "Vazquez") has not, to date, filed any opposition to the motion to dismiss, despite receiving an ample extension of time to do so. For the reasons discussed below, the Court will grant Defendant's motion and dismiss the Complaint.

      This action arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. In her Complaint, filed in state court on December 28, 2012 and thereafter removed to this Court, Plaintiff alleges that PRA violated the FDCPA by sending her a December 15, 2011 collection letter that stated she owed a debt whose balance was $1,299.09, whereas in truth

1

the amount of the debt in question was actually $936.00  She claims that this conduct violated FDCPA § 1692e(2)(A), which prohibits a debt collector from making a "false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).  Defendant moves to dismiss on the grounds that the claim is barred by the applicable one-year statute of limitations.

A complaint will survive a motion under Rule 12(b)(6) if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Third Circuit, following Twombly and Iqbal, has held that Rule 8(a) "requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).  In a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents.  See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

Claims under the FDCPA must be brought within "one year from the date on which the alleged violation occurs." 15 U.S.C. § 1692k(d).  In this case, according to the factual averments of the Complaint, the alleged FDCPA violation occurred on or about December 15, 2011, the date of the allegedly unlawful letter.  The FDCPA claim, however, was not filed until December 28, 2012.  For Plaintiff's claim to be timely, it would have to have accrued on or after December 28, 2011.  Even factoring in mailing time to assume Plaintiff's receipt of the December 15, 2011 letter several days after it was dated, the facts pled in the Complaint make it clear that the alleged violation of the FDCPA occurred before December 28, 2011.  See Skinner v. Asset Acceptance,

LLC, 876 F.Supp.2d 473, 477 (D.N.J. 2012) (holding that FDCPA violation requires a "discrete act"). Accepting as true the factual allegations made in the Complaint, the Court concludes that it is clear that this action was filed after the expiration of the one-year limitations period. It must accordingly be dismissed.

      An appropriate Order with be filed together with this Opinion.

                                    s/Stanley R. Chesler
                                    STANLEY R. CHESLER
                                    United States District Judge

Dated: April 15, 2013